United States District Court
Middle District of Florida
Jacksonville Division

**ERIC WAILES,**

    *Plaintiff,*

v.     No. 3:21-cv-180-BJD-PDB

**GREGORY DOHERTY AND
MAINSTAY USA LLC,**

    *Defendants.*

---

# Order

Mainstay USA LLC requests an order requiring the plaintiff to submit to a physical examination by James Perry, MD, on September 16, 2021 at 3:30 p.m., at JOI San Marco, 1325 San Marco Boulevard, Suite 200, Jacksonville, FL 32207. D21, D21-1.

Mainstay explains the examination is necessary because the plaintiff's physical condition is in controversy. D21 at 1, 3; *see also* D4 ¶¶ 11–12, 15–16 (alleging injuries from accident). Mainstay explains Dr. Perry will examine the plaintiff's neck and back and ask questions about his complaints and his medical, surgical, and injury history. D21 at 1–2.

The plaintiff has no objection to the examination but wants his counsel to be there and a videographer to record the examination. D22 at 1; *see also* D21 at 2. The plaintiff argues he should have the opportunity to document the examination "for use during cross examination." D22 at 4.

A court may "order a party whose mental or physical condition … is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Fed. R. Civ. P. 35(a)(1). The order "may be made only on motion for good cause and on notice to all parties and the person to be examined" and "must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2). The provisions for protective orders apply. Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2234 (3d ed. 2010). "The trial court has extensive discretion in determining the details of the examination." *Id.*

Because the plaintiff's physical condition is in controversy and Mainstay has satisfied the Rule 35 requirements, the Court **grants** the motion, D21, and **orders** the plaintiff to appear at the examination with Dr. Perry at the time and place described. The parties may agree on a different date and time without need for further Court order.

The plaintiff fails to show good cause for allowing the presence of his counsel and a videographer at the examination. The Court adopts the reasoning in *Trainor v. Fla. Dirt Source, LLC*, CV418-289, 2019 WL 5849087, at *2 (S.D. Ga. Nov. 7, 2019) (unpublished); *Osgood v. Disc. Auto Parts, LLC*, 3:13-cv-1364-MMH-PDB, 2014 WL 212323, at *6–7 (M.D. Fla. Jan. 21, 2014) (unpublished); and the many other federal cases reasoning likewise. *See Gordon v. United States*, No. 20-14118, 2021 WL 879204, at *2 (S.D. Fla. Mar. 8, 2021) (unpublished) (collecting cases). To the extent the plaintiff wants the Court to consider that the presence of non-parties at medical examinations is commonplace in actions proceeding in Florida courts, *see* D22 at 2, the Court has done so; but, also considering the Federal Rules of Civil Procedure and cases on both sides, is persuaded by the reasoning in the cases referenced

above. The plaintiff's contention that his counsel will be unable to adequately cross-examine Dr. Perry is unpersuasive. In tort cases throughout the country, lawyers effectively cross-examine treating and other doctors without having eye-witnessed or recorded examinations.

**Ordered** in Jacksonville, Florida, on August 19, 2021.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

3